IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH LUNDBERG, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 11-177-E |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 21st day of February, 2013, upon consideration of Defendant's Motion for Summary Judgment (document No. 11) filed in the above-captioned matter on April 3, 2012,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 9) filed in the above-captioned matter on February 28, 2012,

IT IS HEREBY ORDERED that said Motion is GRANTED. Accordingly, this matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

I. **Background**

On December 28, 2006, Plaintiff Elizabeth Lundberg filed her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. (R. 15, 25, 90, 110). Specifically, Plaintiff claimed that she became disabled on June 13, 2006, due to nerve damage to her left thumb and left foot. (R. 90, 101-02).

After being denied initially on April 23, 2007, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on March 4, 2009. (R. 21-53, 56-60). In a decision dated May 29, 2009, the ALJ denied Plaintiff's request for benefits. (R. 15-20). The Appeals Council declined to review the ALJ's decision on June 30, 2011. (R. 2-5). On August 18, 2011, Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social

2

Security as to any fact, if supported by substantial evidence, shall be conclusive" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage

3

in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ....'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 404.1520. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 404.1520(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 404.1520(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed

impairment. See 20 C.F.R. § 404.1520(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. § 404.1520(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 404.1520(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523.

III. **The ALJ's Decision**

In the present case, the ALJ found that Plaintiff met the insured requirements of the Social Security Act through June 30, 2008. (R.

17). Accordingly, to be eligible for DIB benefits, Plaintiff had to establish that she was disabled on or before that date. See 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101, .110, .131.

The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset of disability. (R. 17). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had several severe impairments, specifically, nerve damage to the left upper extremity, degenerative disc disease, and arthritis. (Id.). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 18).

The ALJ found that Plaintiff retained the RFC to engage in light work, except that she is not able to push and pull with her upper extremities. (R. 18-19). He further found that, pursuant to Social Security Ruling ("S.S.R.") 85-15, 1985 WL 56857 (S.S.A.)(1985), the push/pull limitation only minimally impacted the occupational base. Based on this RFC, the ALJ found that Plaintiff was capable of returning to her past relevant work as a golf club manager, restaurant manager. (R. 19). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 19-20).

6

## IV. Legal Analysis

Plaintiff raises several arguments as to why the ALJ erred in finding that she was not disabled. While the Court does not reach all of the arguments set forth by Plaintiff, it does agree that remand is warranted in this case. Specifically, the Court finds that the ALJ failed to provide an adequate basis for finding that Plaintiff's past relevant work did not exceed the requirements for light work activity or for finding that Plaintiff's inability to push and pull with her upper extremities only minimally impacted the occupational base. Therefore, the record is insufficient to support the ALJ's determination that Plaintiff could return to her past relevant work as a golf club manager, restaurant manager. Accordingly, the Court will remand the case for further consideration.

As noted above, the ALJ concluded that Plaintiff's past relevant work did not exceed the requirement for light work activity, either as those positions were actually or generally performed. He based this finding on his determination that "[t]hese jobs do not require heavy lifting or pushing and pulling with the upper extremities." (R. 19). However, he did not explain what evidence supports this determination. As Plaintiff points out, there is evidence in the record, namely her own description of her job duties, that would suggest that her past relevant work, both as a golf club/restaurant manager and as a restaurant general manager, required her to lift

25 pounds frequently and up to 50 pounds occasionally. (R. 103, 104, 128, 129). This would make this work medium work. See 20 C.F.R. § 404.1567(c). The ALJ did not discuss this evidence at all, nor did he consult a vocational expert or cite any evidence for his finding that Plaintiff's prior jobs required no more than light work.

Defendant is correct that an ALJ's finding that a claimant can return to his or her past relevant work can be based on how that work is actually performed or on how it is generally performed in the national economy. See 20 C.F.R. § 404.1560(b)(2); S.S.R. 82-61, 1982 WL 31387 (S.S.A.)(1982). Defendant does not explain how the ALJ's analysis would establish that Plaintiff could return to her past relevant work as it was actually performed. Indeed, although the ALJ expressly made a finding that Plaintiff could perform her past work as a golf club manager, restaurant manager as the job was actually performed, he did not provide any basis for such a finding. While the ALJ was not required simply to accept Plaintiff's own description of these prior jobs, "[t]he claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work." S.S.R. 82-62, 1982 WL 31386 (S.S.A.), at *3 (1982). Here, the ALJ made a determination of light work without even addressing Plaintiff's statements suggesting a greater level of exertional

demand.

As noted, Defendant does not attempt to defend the ALJ's finding in regard to how Plaintiff's past relevant work was actually performed. Rather, it argues that his finding as to how this work is performed generally in the national economy is supported by the record by suggesting that the ALJ may have relied on the Dictionary of Occupational Titles ("DOT") in determining that the position of "Manager, Golf Club" requires no more than sedentary work, citing DICOT 197.167-114. Without question, an ALJ can rely on the DOT in determining whether a claimant retains the RFC to perform the functional demands and job duties of a prior job as ordinarily required by employers throughout the national economy. See S.S.R. 82-61 at *2; S.S.R. 82-62 at *3; Garibay v. Commissioner of Soc. Sec., 336 Fed. Appx. 152, 160 (3d Cir. 2009). However, the problem is that the ALJ did not indicate that he was relying on the DOT, nor did he cite to it at all.

It is well-established that the Court is not permitted to wander outside of the boundaries created by the ALJ's opinion in reviewing that opinion. See Fargnoli v. Massanari, 247 F.3d 34, 44 n.7 (3d Cir. 2001) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.") (quoting SEC v. Chenery Corporation, 318 U.S. 80, 87 (1943)). Therefore, even if the DOT could provide a basis for the ALJ's

finding, the Court cannot affirm his decision on such a basis. Indeed, as Plaintiff points out, there are numerous practical problems in relying on grounds not cited by the ALJ. It is not clear, for instance, whether the ALJ considered "golf club manager, restaurant manager" to be a hybrid position or two separate positions. Plaintiff contends that the description of Manager, Golf Club contained in the DOT does not accurately reflect her actual position. The ALJ obviously did not address this issue because he did not rely on the DOT. This demonstrates why the Court cannot meaningfully review his findings in this regard.

Likewise, the Court cannot adequately review the ALJ's finding that Plaintiff's inability to push and pull with her upper extremities only minimally impacted the occupational base. Again, he did not consult a vocational expert on this issue, but rather, relied solely on S.S.R. 85-15. Defendant's argument that S.S.R. 85-15 is not relevant until Step Five of the sequential analysis misses the mark. Although this case did not involve a Step Five determination, the ALJ himself relied on S.S.R. 85-15 in making his Step Four determination that the occupational base for light work was not significantly eroded. While S.S.R. 85-15 may not have been intended to be used for this purpose, that was how it was used in this case. Indeed, because it was the only basis on which the ALJ determined that Plaintiff's limitations regarding pushing and pulling

did not impact the occupational base, his finding can only be upheld if the Ruling does, in fact, support his finding. However, Plaintiff is correct that S.S.R. 85-15 does not address the impact of limitations caused by pushing or pulling of the upper extremities on the occupational base. Because the ALJ did not explain his reliance on this Ruling, which does not appear to support his analysis, and because he provided no further bases for his finding regarding erosion of the occupational base, the Court is unable to determine whether substantial evidence supports his finding.

The Court expresses no opinion as to whether the ALJ's finding that Plaintiff can return to her past relevant work ***could*** be supported by the record. It is the need for further explanation that mandates the remand in this case.[1] The Court does note that the use of a vocational expert could well alleviate the problems in this case.

## V. Conclusion

In short, the record simply does not permit the Court to decide whether the ALJ's determination that Plaintiff could return to her past relevant work as a golf club manager, restaurant manager is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this

---

[1] Although the Court does not reach Plaintiff's argument in regard to the ALJ's treatment of the opinion of the state agency reviewer, the ALJ, on remand, should, of course, ensure that this opinion is properly considered.

11

Case 1:11-cv-00177-ANB   Document 15   Filed 02/21/13   Page 12 of 12

case. The Court hereby remands this case to the Commissioner for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:   Counsel of record

12